**Gary A. PODELL, Plaintiff,**

v.

**CITICORP DINERS CLUB, INC.; Citicorp Credit Services, Inc.; Nissan Motor Acceptance Corporation; Salon Furniture Co.; TRW, Inc.; Trans Union Corporation; Equifax, Inc., Defendants.**

**No. 94 Civ. 0813 (CSH).**

United States District Court, S.D. New York.

July 26, 1994.

---

Gabriel J. Fischbarg, Gabriel J. Fischbarg, New York City, for plaintiff.

Heidi A. Wendel, Jones, Day, Reavis & Pogue, New York City, for TRW, Inc.

Herbert Teitelbaum, Teitelbaum, Hiller, Rodman, Paden & Hibsher, P.C., New York City, for Trans Union Corp.

### MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff, Gary A. Podell ("Podell"), brought this action against defendants Citi-corp Diners Club, Inc. ("Diners Club"), Citi-corp Credit Services, Inc. ("Credit Services"), Nissan Motor Acceptance Corporation ("Nissan"), Salon Furniture Co. ("Salon"), TRW, Inc. ("TRW"), Trans Union Corporation ("Trans Union"), and Equifax, Inc. ("Equifax"), seeking damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and additionally under state statutory and common law. Podell alleges that this Court has supplemental jurisdiction over his state claims.

Diners Club and Credit Services have moved to dismiss, asserting that all the claims in the complaint fail to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and that this Court lacks subject matter jurisdiction over the state claims pursuant to Fed.R.Civ.P. 12(b)(1)[1].

For the reasons discussed below, defendants' motion to dismiss is granted.

### I. THE COMPLAINT

Podell's complaint alleges that on or about March, 1992, an unknown third party illegally obtained credit cards in his name from Diners Club and Credit Services, made purchases with these cards from Nissan and Salon, and never paid the ensuing debts. During this time, the complaint alleges, Diners Club, Credit Services, Nissan, and Salon reported this payment failure to three credit reporting agencies, TRW, Inc., Trans Union Corp., and Equifax, Inc. Podell's complaint further alleges that on or about March, 1992, Diners Club sued him to collect the debt and gave notice of the suit to the three credit reporting agencies.

Podell's complaint contends that all three credit reporting agencies published reports that he had failed to pay the debt and that Diners Club had commenced a suit against him. On or about April, 1992, the complaint alleges, Podell notified Diners Club, Credit Services, Nissan, and Salon that he did not accumulate the debt; Diners Club discontin-

1. Trans Union and TRW have answered Podell's complaint. Nissan has not yet filed its answer, which was due on June 3, 1994. Return of service has not yet been filed for Salon. Podell has settled with Equifax.

ued its lawsuit; and all four companies agreed to request that the credit reporting agencies remove the derogatory reports. The complaint lastly alleges that the agencies have not yet removed the reports.

Podell's complaint contains eight causes of action. Podell first claims that all defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. He asserts that by willfully and negligently failing to comply with the requirements of FCRA, defendants are liable under § 1681n (first cause of action) and § 1681o (second cause of action), respectively.

The remainder of the complaint states six state law causes of action. Podell contends that all defendants violated N.Y.S. General Business Law § 349, which prohibits deceptive acts and practices by businesses. Podell also asserts the following state common law claims: negligent infliction of emotional distress; intentional infliction of emotional distress; defamation; prima facie tort; and negligence.

Diners Club and Credit Services argue that this Court should dismiss Podell's § 1681 claims as lacking legal sufficiency pursuant to Fed.R.Civ.P. 12(b)(6) and, consequently, dismiss his supplemental state claims as lacking subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons discussed below, I agree.

## II. THE FAILURE OF PODELL'S FEDERAL CLAIMS

### 1. The Rule 12(b)(6) motion

■ A lineal descendent of the common law general demurrer, *Curacao Trading Co., Inc., v. William Stake & Co., Inc.,* 61 F.Supp. 181, 184 (S.D.N.Y., 1945), the Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" illustrates the evolution of modern federal practice away from burdensome, technical pleadings toward adjudication of cases on their merits. In considering Rule 12(b)(6) motions, courts should remain faithful to the liberal nature of the modern federal rules of procedure and guard against the use of the rule to delay litigation and harass a party. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1356 (1990).

■ The Rule 12(b)(6) motion challenges the formal legal sufficiency of a claim, and not its underlying facts. Consideration of the motion does not amount to consideration of the merits of the case. *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion only questions whether the complaint itself sufficiently states a legal claim.

■ Accordingly, the court looks to the four corners of the complaint to determine whether its allegations can give rise to a legal claim. *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991); *cert. denied,* —— U.S. ——, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). The court should assume the truth of plaintiff's well-pleaded factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and should read the complaint "generously, and draw all reasonable inferences in favor of the pleader." *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989).

Because dismissal of a complaint pursuant to Rule 12(b)(6) denies a party's right to its "day in court" or even to conduct discovery, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.E.2d 80 (1957).

### 2. Applicability of the Fair Credit Reporting Act

■ The Fair Credit Reporting Act regulates credit reporting agencies and the reports which they assemble and issue. The

section was enacted to protect individual consumers from inaccurate or arbitrary credit reports, which might jeopardize one's eligibility for credit, insurance, or employment. *Porter v. Talbot Perkins Children's Services,* 355 F.Supp. 174, 176 (S.D.N.Y.1973).

The Act limits the purposes and uses of a credit report, § 1681b; prohibits the reporting of obsolete information, § 1681c; establishes the requirements and procedures for disclosing consumer credit reports, § 1681d and § 1681e; and imposes civil liability upon credit reporting agencies or users of reports who willfully or negligently violate the Act, § 1681n and § 1681o.

■ Diners Club and Credit Services argue that, within the meaning of the statute, they are not "credit reporting agencies" and the information that they supplied to the credit reporting agencies is not a "consumer report." On both points, they are correct.

The statute defines a "consumer reporting agency" as "any person, which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties...." § 1681a(f).

The statute defines "consumer report" as any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized

under [this title].... The term does not include (A) any report containing information solely as to transactions or experiences between the consumer and the person making the report.... § 1681a(d).

■ Podell has only alleged that Diners Club and Credit Services reported to the three credit reporting agencies notice of his outstanding debts and that Diners Club additionally reported notice of their lawsuit against Podell. These acts fail to convert defendants into "credit reporting agencies." As the Second Circuit recently reasoned,

[Persons] that merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA.... As used in the statute the term refers to firms that are in the business of assembling and evaluating consumer credit information.... The FCRA does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it. *DiGianni v. Stern's,* 26 F.3d 346, 349 (2d Cir.1994)[2].

■ Podell's complaint also fails to state a claim under FCRA because the information passed by Diners Club and Credit Services to the three credit reporting agencies cannot constitute a "consumer report." The statute expressly excludes from its definition reports "containing information solely as to transactions or experiences between the consumer and the person making the report." § 1681a(d). Movants' notices of the delinquent payments and the lawsuit clearly lie within this exception. *See Id.* at 348.

■ The FCRA also permits suit against a user of consumer reports, § 1681n and § 1681o, for failing to comply with certain requirements, § 1681m[3]. However, Podell does not allege that Diners Club or Credit

**2.** Neither could defendants be considered "agents for and of consumer reporting agencies." Even if Podell were to so amend his complaint, it would still not state a claim under the FCRA. *Id.* at 347.

**3.** § 1681m(a) provides: "Whenever credit or insurance for personal, family, or household purposes is denied or the charge for such credit or

insurance is increased either wholly or partly because of information contained in a consumer report from a consumer reporting agency, the user of the consumer report shall so advise the consumer against whom such adverse action has been taken and supply the name and address of the consumer reporting agency making the report."

Services either denied credit or increased their credit charges based on information supplied by the credit reporting agencies and thus cannot assert a violation of § 1681m. Consequently, Podell's claims against Diners Club and Credit Services under FCRA do not state a claim upon which relief can be granted and are dismissed.

The complaint, however, should not be dismissed simply because plaintiff's allegations do not support the legal theory it advances, because the court has a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. *Bowers v. Hardwick*, 478 U.S. 186, 201, 106 S.Ct. 2841, 2849, 92 L.Ed.2d 140 (1986). Beyond its inapposite basis in the FCRA, Podell's complaint suffers from a severe gap; it does not allege that Diners Club or Credit Services failed to request the three credit reporting agencies to delete the derogatory information. Viewing Podell's allegations in their most favorable light, I nonetheless cannot perceive any federal cause of action that Podell's allegations can support.

## III. LACK OF JURISDICTION OVER PODELL'S STATE LAW CLAIMS

Having disposed of Podell's federal claims, I turn now to his remaining state claims.

The doctrine of pendent jurisdiction permits a federal district court to adjudicate a state claim, over which it would otherwise lack subject matter jurisdiction, when that claim is brought with a related federal claim that arises out of the same circumstances. The relationship between the two claims converts them into parts of the same case or controversy under Art. III of the United States Constitution. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

In 1990, Congress enacted 28 § 1367[4], codifying in many respects the doctrine of pendent jurisdiction under the name of "supplemental jurisdiction." The statute provides that a federal district court, exercising its discretion, may decline to exercise supplemental jurisdiction over a state claim if the court has dismissed all claims over which it original jurisdiction, § 1367(c)(3).

Prior to the enactment of § 1367, the Supreme Court in *Gibbs* had addressed the district court's discretion in exercising pendent jurisdiction.

[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Id.* at 726, 86 S.Ct. at 1139.

While Podell cannot state a legally sufficient claim under the FCRA and has not alleged any other basis for federal jurisdiction, he nonetheless requests that this Court continue to adjudicate his state causes of action. Noting that two other defendants (the credit reporting agencies, Trans Union Corp. and TRW Inc.) have filed answers and are conducting discovery, Podell contends that consolidation of his state claims against Diners Club and Credit Services with his suits against the credit reporting agencies favors judicial economy.

Podell's arguments, while possessing some merit, do not warrant this Court's adjudication of claims which rightfully belong in state court. The question of supplemental jurisdiction reaches me well before trial, with only the barest of pre-trial proceedings completed. Consequently, dismissal of the state claims would not be unfair or manifestly inconvenient to Podell. *See Modeste v. Local 1199, Drug, Hospital and Health Care Employees Union*, 850 F.Supp. 1156, 1167 (S.D.N.Y.1994); *In re American Express Co. Shareholder Litigation*, 840 F.Supp 260, 270 (S.D.N.Y.1993). State adjudication of Podell's remaining claims also favors comity. I

4. Pub.L. 101–650, Title III, § 310(a), Dec. 1, 1990, 104 Stat. 5113.

decline to exercise supplemental jurisdiction over Podell's state claims against the moving defendants and dismiss them pursuant to Fed.R.Civ.P. 12(b)(1) as lacking subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, I grant the motion of defendants Diners Club and Credit Services to dismiss the complaint. The Clerk of the Court is directed to dismiss the first and second causes of action against these defendants with prejudice and to dismiss the remaining six causes of action against them without prejudice.

Counsel for the remaining parties are directed to attend a status conference in Room 307 at 2:30 P.M. on October 14, 1994.

It is SO ORDERED.