Keith MAYDAK, Plaintiff–Appellant,

v.

BONDED CREDIT COMPANY INCORPORATED, Defendant–Appellee.

No. 95–35511.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 1996.*

Decided Oct. 1, 1996.

Keith Maydak, East McKeesport, PA, pro. per.

Jeffrey I. Hasson, Portland, OR, for defendant-appellee.

Before: ALDISERT,** PREGERSON and T.G. NELSON, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal by Keith Maydak pro se requires us to decide if a district court has subject matter jurisdiction over an action brought by a private person under the Federal Communications Act of 1934 ("the Act"), 47 U.S.C. § 151 et. seq., where no party to the lawsuit is a telecommunications carrier regulated by the Act. A secondary issue is whether the district court erred in dismissing

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

the corporate plaintiff as a party because it was not represented by an attorney.

Maydak filed a complaint on behalf of himself and Confidential Services of America, Inc. ("Confidential"), a Nevada corporation in which he is a stockholder. He sought a declaratory judgment that neither he nor the corporation is liable to Bonded Credit Company ("Bonded"), a collection agency, for an amount of money allegedly owed because of calls made to a 1–900 telephone number. The district court held that because none of the parties to the action was a telecommunication carrier, subject matter jurisdiction did not exist under the Act. We agree and affirm.

The district court's jurisdiction is at issue on appeal. We have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure.

Confidential subscribed for local telephone service from General Telephone Company Northwest ("GTE"). Thereafter, GTE, acting on behalf of American Telephone and Telegraph Company ("AT & T"), billed the corporation for several calls allegedly made to the telephone number 1–900–250–2255. GTE was unsuccessful in its attempts to collect payment for these calls and assigned Confidential's account to Bonded for collection.

On December 20, 1994, Maydak, who is not a lawyer, filed a pro se complaint seeking a declaratory judgment that neither he nor Confidential is liable to Bonded for any amounts allegedly owed for calls made to the 1–900 number. He also requested an injunction preventing Bonded from pursuing any future action against him or Confidential. He argued that the 1–900 calls at issue were regulated by a tariff AT & T had filed with the Federal Communications Commission ("FCC"), and that AT & T set its billing rate in excess of the tariff rate.

The district court granted Bonded's motion to dismiss for lack of subject matter jurisdiction. It also dismissed on the alternate grounds that Maydak, a non-lawyer, could not represent a corporation. Maydak appeals the decision of the district court on both grounds.

■ We review de novo both the dismissal for lack of subject matter jurisdiction, *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 772 (9th Cir.1995), and the dismissal on the grounds that a corporation was not represented by counsel. *See Church of the New Testament v. United States,* 783 F.2d 771, 773 (9th Cir.1986).

In general, subject matter jurisdiction exists for actions arising under the Constitution, the laws or treaties of the United States, or any act of Congress that regulates commerce or protects against restraints and monopolies. 28 U.S.C. §§ 1331 and 1337(a). Maydak argues that the 1–900 charges at issue were originally billed by AT & T in violation of the tariff that it was required under the Federal Communications Act ("the Act") to file with the Federal Communications Commission ("FCC"). *See* 47 U.S.C. § 203(a) and (c). Accordingly, he contends that his action to prevent Bonded from collecting these charges is an action arising under the Act.

■ Although this is an issue of first impression in this court, our sister courts of appeals have been reluctant to encourage private actions based on the Act. In 1941, the Supreme Court formulated a presumption against private actions under the Act, stating that the Federal Communications Act of 1934 "did not create new private rights" and that "private litigants have standing only as representatives of the public interest." *Scripps–Howard Radio, Inc. v. Federal Communications Comm'n,* 316 U.S. 4, 14, 62 S.Ct. 875, 882, 86 L.Ed. 1229 (1942).

■ Research into the jurisprudence discloses that private actions are generally limited to those explicitly authorized by the Act, except when implied in certain extremely narrow circumstances as an expression of federal common law. *See, e.g., Western Union Int'l Inc. v. Data Dev., Inc.,* 41 F.3d 1494, 1497 n. 4 (11th Cir.1995) (observing that 47 U.S.C. § 207 permits any person claiming to be damaged by a common carrier of communications to bring suit against the carrier for recovery of damages); *Ivy Broad-*

casting Co. v. American Tel. & Tel. Co., 391 F.2d 486 (2d Cir.1968) (permitting a private action under the Act on the basis of federal common law).

Maydak's action was not of the type explicitly authorized by the Communications Act, which provides in relevant part:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter [47 U.S.C. § 151 et. seq.] ... may bring suit for the recovery of damages for which such carrier may be liable under the provisions of this chapter....

47 U.S.C. § 207. If Maydak had sued AT & T for a violation of a stated statutory provision, the district court would clearly have had subject matter jurisdiction under § 207. But as the district court noted, Maydak sued only Bonded, which is a collection agency and not a common carrier. *Maydak v. Bonded Credit Co.*, 892 F.Supp. 1304, 1309 (D.Or.1995). Accordingly, we hold that Maydak's action did not fall within the express language of § 207.

In interpreting the Act, courts have been unwilling to permit an expansive reading of the statutory language or to create implied causes of action. In the broadest interpretation to date, some courts have permitted the reverse of the explicit statutory language that allows a telecommunications carrier to be sued. Those courts, under the guise of fashioning federal common law, have permitted the carriers to serve as plaintiffs and to bring actions against delinquent customers to collect charges regulated by a tariff. *See, e.g., Ivy Broadcasting Co. v. American Tel. & Tel. Co.*, 391 F.2d 486 (2d Cir.1968). *But see MCI Telecommunications Corp. v. Credit Builders of Am., Inc.*, 980 F.2d 1021 (5th Cir.1993) (refusing to follow *Ivy* on the grounds that federal common law exists only in narrow areas and does not apply to dis-

putes over telephone bills), *vacated on other grounds*, 508 U.S. 957, 113 S.Ct. 2925, 124 L.Ed.2d 676 (1993), *prior opinion restated*, 2 F.3d 103 (5th Cir.1993), *cert. denied*, 510 U.S. 978, 114 S.Ct. 472, 126 L.Ed.2d 424 (1993). At best, this expansion of the statutory language simply permits the carriers to sue, as well as be sued. Even in cases permitting this limited enlargement of the four corners of the statute, courts have been unwilling thus far to extend federal subject matter jurisdiction to any case in which a carrier is not a party. *See, e.g.*, cases collected in *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1093–96 (3rd Cir.1995).[1]

Maydak's action did not meet any of the recognized exceptions to the presumption against federal jurisdiction for private claims under the Act; it was neither the type of action explicitly authorized by statute (permitting a carrier to be sued), nor the type permitted in developing federal common law (permitting a carrier to sue). Having failed to meet the requirements of existing case law, Maydak offers no persuasive arguments for expanding federal common law and bestowing the imprimatur of federal jurisdiction upon a garden variety state court action. He has failed to explain how this case is more than a simple dispute between a debtor and a creditor over a bill, a type of case entertained in our state courts from the earliest colonial days as a common law action in *assumpsit* for goods sold and delivered. Without suggesting that federal common law will never extend beyond its current limits, we conclude that under the circumstances of this case the district court did not err when it dismissed the complaint for lack of subject matter jurisdiction.[2]

In view of our conclusion on the jurisdictional issue, we need not reach the alternative basis of the district court's decision.

\* \* \* \* \* \*

**1.** Significantly, a telecommunications provider was a party in every case permitting jurisdiction. *See Western Union Int'l, Inc. v. Data Dev., Inc.*, 41 F.3d 1494 (11th Cir.1995); *MCI Telecommunications Corp. v. Graham*, 7 F.3d 477 (6th Cir. 1993); *MCI Telecommunications Corp. v. Garden State Inv. Corp.*, 981 F.2d 385 (8th Cir.1992); *Ivy Broadcasting Co. v. American Tel. & Tel. Co.*, 391 F.2d 486 (2d Cir.1968).

**2.** The plaintiffs did not assert jurisdiction under the diversity statute, 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $50,000.

We have considered all arguments advanced by the parties and conclude that further discussion is not necessary.

**AFFIRMED.**