**Raul RIVERA–LEBRON, et al., Plaintiffs,**

**v.**

**CELLULAR ONE, et al., Defendants.**

**No. Civ. 98–1031(SEC).**

United States District Court, D. Puerto Rico.

July 17, 1998.

1. Except for the claim of removal of muscle without biopsy.

Genaro Rodríguez–Gerena, Luquillo, PR, for Plaintiffs.

Eric A. Tulla, Rivera, Tulla & Ferrer Law Offices, Hato Rey, PR, Ruy V. Díaz–Díaz, De Corral & De Mier Law Offices, San Juan, PR, Jorge I. Peirats, Pietrantoni, Méndez & Alvares Law Offices, Hato Rey, PR, for Defendants.

**OPINION AND ORDER**

CASELLAS, District Judge.

Pending before this Court is a Rule 12(b)(6) motion to dismiss filed by defendant Cellular One **(Docket # 8).** Cellular One essentially argues that this Court should dismiss the complaint by plaintiffs Raul Rivera–Lebron, his wife Miriam Santiago Ruiz, and the conjugal relationship composed therein, because it fails to state a claim upon which relief can be granted under either the Federal Communications Act of 1934 or the Consumer Credit Protection Act. Furthermore, Cellular One argues that there is no diversity of citizenship providing this Court with jurisdiction to entertain the above-captioned claim under 28 U.S.C. § 1332. For the reasons stated below in this Opinion and Order, defendant's motion to dismiss **(Docket # 8)** is **GRANTED** and plaintiffs' claims against defendant Cellular One are **DISMISSED.**

In addition, the Court hereby **DISMISSES** *sua sponte* plaintiffs' claims against remaining defendants Professional Recoveries, Inc. and Trans Union under the Federal Communications Act.

**Factual Background**

For purposes of this Rule 12 motion, we must accept the facts as set forth in the complaint as true. Plaintiffs, Raul Rivera–Lebron, his wife Miriam Santiago Ruiz, and the conjugal relationship composed therein, invoke this Court's jurisdiction pursuant to the Federal Communications Act of 1934, 47 U.S.C.A. §§ 151, et seq., and the Consumer Credit Protection Act, 15 U.S.C.A. §§ 1601, et seq.; or, alternatively, pursuant to the diversity of citizenship statute, 28 U.S.C.A. § 1332.

In their complaint plaintiffs allege that defendant Cellular One negligently issued a cellular phone in plaintiff Rivera–Lebron's name, even though he never asked or inquired about receiving a cellular phone. Plaintiffs maintain that bills in the amount of $3,247.08 were rendered for these unsolicited telephone services. However, plaintiffs claim that they had no knowledge of these accumulating charges because the bills were not

mailed to their residence, but instead to some other indeterminate address.

Next, plaintiffs aver that due to their failure to pay for the telephone services their name was referred by Cellular One to co-defendant Professional Recoveries, Inc. While attempting to collect the money, plaintiffs contend that Professional Recoveries constantly and caustically harassed them with threats of physical action. Subsequently, when plaintiffs refused to pay for the telephone services, plaintiff Rivera–Lebron's name was provided by either Cellular One or Professional Services Inc. to co-defendant Trans Union, a credit reporting agency operating in Puerto Rico.

Finally, plaintiffs claim that as a result of this series of events their well-earned personal credit has been all but destroyed, and that loans requested by them in the banking industry have been turned down due to their "bad credit." As a result, plaintiffs ask for damages in excess of $250,000. In response to this complaint, defendant Cellular One moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

**Applicable Law/Analysis**

**A. Motion to Dismiss Standard**

In *Iacampo v. Hasbro, Inc.,* 929 F.Supp. 562 (D.R.I.1996), a federal district court cogently held that, "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." *Id.* at 567. *See also Guckenberger v. Boston University,* 957 F.Supp. 306, 313 (D.Mass.1997).

In fact, Rule 12(b)(6) motions such as this one have no purpose other than to "test the formal sufficiency of the statement of the claim for relief ... [They are not, however,] a procedure for resolving a contest about the facts or the merits of the case." 5A Wright & Miller, *Federal Practice & Procedure, supra* § 1356, at 294 (2d ed.1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement ... showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed.R.Civ.P. 8(a). *See also Federal Practice and Procedure, supra* at 296; *Podell v. Citicorp Diners Club, Inc.,* 859 F.Supp. 701 (S.D.N.Y.1994). It is the moving party which has the burden of proving that no claim exists. *Federal Practice and Procedure, supra* at 115 (1996 Supp.). *See also Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F.Supp. 1050 (S.D.N.Y.1994).

In determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat her allegations as though they were true. *Federal Practice and Procedure, supra* at 304. See also *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254 (1st Cir.1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Wyatt v. City of Boston,* 35 F.3d 13, 16 (1st Cir.1994); *Schroeder v. De Bertolo,* 879 F.Supp. 173, 175 (D.Puerto Rico, 1995).

Courts are not, however, required to "accept every allegation made by the complainant no matter how conclusory or generalized." *U.S. v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992). As the First Circuit has held, "[t]he pleading requirement, however, is 'not entirely a toothless tiger.'" *Doyle v. Hasbro,* 103 F.3d 186, 190 (1st Cir.1996), *quoting The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). This Court need not accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

**B. Jurisdictional Issues**

Cellular One contends that this Court is without jurisdiction in the present matter because there is no federal question involved, and complete diversity does not exist between the plaintiffs and defendants. Therefore, we will now consider each of the jurisdictional bases invoked by plaintiffs beginning with diversity jurisdiction.

1. **Diversity Jurisdiction**

Pursuant to 28 U.S.C.A. § 1332, "[t]he district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." In the present matter, since it is uncontradicted that plaintiffs are citizens of Puerto Rico, the diversity issue hinges on whether or not any of the named defendants are also citizens of Puerto Rico. This is so because, for the purposes of the diversity of citizenship statute, the citizenship of each plaintiff must be diverse from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–374, 98 S.Ct. 2396, 2402–2403 (1978). Of particular importance to our discussion is the citizenship of the corporate defendants, because "[f]or the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it is incorporated and the state where it maintains its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiffs allege in their complaint that Cellular One is a foreign corporation doing business in Puerto Rico. However, this allegation is contradicted by defendants in an Unsworn Declaration by Fransico J. Silva–Salcedo, **(Docket # 8, Exhibit 1).** In this declaration, Silva–Salcedo, as legal counsel for Cellular One, states that "CCPR Services, Inc. (Cellular One) is a [Delaware] corporation with its principal place of business in Puerto Rico." [1] After receipt of this motion, the burden of proving diversity exists rests squarely on the plaintiffs as the party seeking to sustain diversity jurisdiction. *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir.1995). However, in their response to the motion to dismiss plaintiffs fail to even mention the diversity issue.

Based on the Unsworn Declaration by defendant Cellular One, and plaintiffs' failure to respond or present any evidence tending to show that diversity of citizenship exists, the Court finds that there is no diversity of citizenship in the present case. Therefore, we will now proceed with our analysis of plaintiffs' federal question claims to determine whether federal question jurisdiction is present, pursuant to 28 U.S.C. § 1331.

2. **The Consumer Credit Protection Act**

The Consumer Credit Protection Act, and its subchapter entitled The Fair Credit Reporting Act (FCRA), codified at 15 U.S.C. §§ 1681, et seq., "impose on consumer credit reporting agencies the duty of following reasonable procedures to assure the accuracy of consumer reports." *Alvarez Melendez v. Citibank*, 705 F.Supp. 67, 68 (D.P.R.1988). Defendant Cellular One argues that it is not a consumer reporting agency, as defined by the Act:

> [t]he term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Therefore, defendant avers that the complaint fails to state a claim under FCRA upon which relief can be granted.

Put succinctly, we agree with defendant that FCRA offers no remedy against a cellular telephone company. This case is virtually identical to the situation in *Alvarez–Melendez*. In that case, plaintiffs brought a similar action pursuant to FCRA against Citibank alleging that the bank approved false loans and banking transactions without authorization, and then issued reports of nonpayment to credit institutions. Plaintiffs prayed for $100,000 in damages for the harm to their reputation, credit standing, and emotional hardship. In rejecting plaintiff's claim that FCRA applied, the Court held that "[d]efendant Citibank does not fall within the [consumer reporting agency] definition. It did not assemble or evaluate consumer credit information to distribute to third parties. It did no more than furnish information to a

1. This declaration was made pursuant to 28 U.S.C. § 1746, under penalty of perjury.

credit reporting agency." *Alvarez-Melendez,* 705 F.Supp. at 69.

This Court finds the reasoning in *Alvarez-Melendez* to be persuasive. We thus hold that Cellular One is not a "consumer reporting agency" as defined by section 1681a(f), nor is Cellular One a user of information gathered by consumer reporting agencies, as it is defined in the statute. Viewed in the light most favorable to plaintiffs' claim, Cellular One is a party who furnishes information to a credit reporting agency, and as indicated by *Alvarez-Melendez,* that alone is insufficient to invoke federal question jurisdiction. Therefore, we conclude that the complaint fails to state a cause of action against Cellular One pursuant to FCRA, and that as a result, plaintiffs' claims against Cellular One under FCRA should be dismissed.

### 3. The Federal Communications Act

Plaintiffs also seek to invoke this Court's jurisdiction pursuant to 47 U.S.C. §§ 206, 207, of the Federal Communications Act of 1934. These sections provide as follows:

> § 206. Carriers' liability for damages
>
> In case any common carrier shall do, or cause or permit to be done any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the Court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.
>
> § 207. Recovery of damages
>
> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction ...

These sections provide civil remedies for violations of this chapter, and "the language of the statute provides a remedy for suits alleging violations of the Act, including Sections 201, 202, or 203." *Weinberg v. Sprint Corporation,* 165 F.R.D. 431, 438 (D.N.J. 1996). However, plaintiffs have failed to allege any violation of a specific provision of the Act, or cite any caselaw in favor of such a cause of action. Therefore, we must now examine the interests plaintiffs seek to vindicate under the Act, in order to determine if any cause of action exists.

At this point it is worth summarizing plaintiffs' claim against Cellular One in order to determine whether a similar cause of action can be found under the Act. Essentially, plaintiffs claim that Cellular One negligently issued them a cellular telephone, which they never received, and mailed the bills to the wrong address. Consequently, plaintiffs' names were provided to a bill collection agency which they claim resulted in harassment and an inability to receive credit. The suit does not allege any violation of the carrier's duty to provide service as set forth in section 201, it does not claim any discrimination or preference as set forth in section 202, nor does it question the rates charged or the calculation of such rates, as set forth in section 203. *Id.* Therefore, we must conclude that plaintiffs' petition would constitute an implied cause of action under the Act. *See Maydak v. Bonded Credit Company Incorporated,* 96 F.3d 1332 (9th Cir.1996).

Before we provide our reasoning against such an implied cause of action, we feel it is important to first delve into the legislative intent of the Federal Communications Act of 1934:

> § 151. Purposes of Chapter; FCC created
>
> [f]or the purpose of regulating interstate and foreign commerce in communication and wire and radio so as to make available, so far as possible, to all the people of the United States a rapid, efficient, Nationwide, and world-wide wire and radio com-

munication service with adequate facilities at reasonable charges . . .

47 U.S.C. § 151.

Accordingly, "[i]n interpreting the Act, courts have been unwilling to permit an expansive reading of the statutory language or to create implied causes of action." *Maydak,* 96 F.3d at 1334. Furthermore, section 414 of the Communications Act specifically preserves "causes of action for breaches of duties distinguishable from those created under the Act, as in the case of a contract claim." [2] *Comtronics, Inc. v. Puerto Rico Telephone Company,* 553 F.2d 701, 707 (1st Cir.1977). We believe that the fact that the Communications Act contains a savings clause, such as section 414, strongly favors a reading of the statute whereby plaintiffs would not have a cause of action under the Act, but, instead, would perhaps have a claim against defendant Cellular One pursuant to Puerto Rico tort law.

Furthermore, we believe that this reasoning conforms to precedent from the United States Supreme Court as well as the First Circuit Court of Appeals. For example, in *Stowell v. Ives,* 976 F.2d 65, 70 n. 5 (1st Cir.1992), the Court stated that "[t]here is a presumption against implied rights of action—a presumption that will endure unless the plaintiff proffers adequate evidence of a contrary congressional intent." Additionally, in *Thompson v. Thompson,* 484 U.S. 174, 190, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (Scalia J. concurring), Justice Scalia stated that "this Court has long since abandoned its hospitable attitude towards implied rights of action." Significantly, in this case plaintiffs have not proffered any evidence regarding congressional intent behind the Act, but instead merely cited sections 206 and 207 of the Act as the statutory provisions that provide the Court with jurisdiction.

Therefore, based on plaintiffs' failure to cite any caselaw or evidence of congressional intent, and our fruitless search to indicate otherwise, we conclude that The Federal Communications Act of 1934 does not apply to plaintiffs' negligence claim against Cellular One and that plaintiffs' cause of action under the Act must be **DISMISSED** against Cellular One.

### C. Court's *Sua Sponte* Dismissal of Federal Communications Act Claims

Since this Court has limited jurisdiction, we may only entertain civil cases where diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332, or as pursuant to section 1331 that states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Not only do federal district courts have limited jurisdiction, but "the issue of subject matter jurisdiction may be raised at any time during a proceeding, either by the parties or by the Court, *sua sponte,* and at any point it becomes clear that the court lacks subject matter jurisdiction, the court must dismiss the action." *Savis, Inc. v. Warner Lambert Inc.,* 967 F.Supp. 632, 636 (D.P.R.1997) (*citing McNutt v. General Motors Accept. Corp.,* 298 U.S. 178, 184, 56 S.Ct. 780, 782–83, 80 L.Ed. 1135 (1936); *Capron v. Van Noorden,* 2 Cranch (6 U.S.) 126, 127, 2 L.Ed. 229 (1804); *Chaparro–Febus v. Local 1575,* 983 F.2d 325, 329 n. 4 (1992)).

We believe that this Court lacks subject matter over all claims pursuant to the Federal Communications Act of 1934, and therefore dismiss these claims against all defendants. As discussed above, the Federal Communications Act of 1934 pertains solely to "common carriers." The Act defines "common carriers" as:

> any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio or in foreign or interstate radio transmission of energy, except where reference is made to common carriers not subject to this chapter; but a person engaged in radio broadcasting shall not, insofar as such person is so engaged, be deemed a common carrier.

2. Section 414 of the Communications Act:
Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

47 U.S.C. § 153(10). Since co-defendants Professional Recoveries and Trans Union are clearly not "common carriers" as described by the Act, plaintiffs' claims pursuant to the Federal Communications Act will be dismissed *sua sponte* by the Court. This is so because we are without jurisdiction to hear such claims against defendants that are not within the purview of the statute.

**Conclusion**

In accordance with the previous discussion, all of plaintiffs' claims against defendant Cellular One are **DISMISSED.** In addition, plaintiffs' claims against defendants Professional Recoveries and Trans Union under the Federal Communications Act are **DISMISSED** *sua sponte.* Therefore, the only pending claims before this Court in this case are plaintiffs' claims under the Consumer Credit Protection Act against defendants Professional Recoveries and Trans Union.

**SO ORDERED.**