**AT & T COMMUNICATIONS OF CALIFORNIA, INC., a California corporation, Plaintiff,**

v.

**PACIFIC BELL, a California corporation, Defendant.**

No. C–98–4368–CAL.

United States District Court, N.D. California.

June 24, 1999.

Rosalie E. Johnson, AT & T Company, San Francisco, CA, for plaintiff.

L. Nelsonya Causby, Pacific Telesis Group, San Francisco, CA, for defendant.

ORDER: DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

LEGGE, District Judge.

Plaintiff AT & T Communications of California brings this action, and makes the present motion, to confirm an arbitration award in its favor against defendant Pacific Bell. Plaintiff asks this court to: confirm the award on the issue of liability, compel defendant to proceed with arbitration of damages, and enjoin defendant from proceeding before the California Public Utilities Commission.

Defendant moves to dismiss on two grounds. First, Pacific Bell asserts that this court lacks subject matter jurisdiction over the action. Second, Pacific Bell asserts that the arbitration award is not final and cannot be confirmed by this court because it is interlocutory only.

The pending motions have been briefed, argued and submitted for decision. The court has reviewed the moving and opposing papers, the record of the case and the applicable authorities. For the reasons discussed below, the court denies plaintiff's motion and grants defendant's motion to dismiss.

### I.

Plaintiff and defendant entered into an Interconnection Agreement in December 1996, pursuant to the Telecommunications Act of 1996, 47 U.S.C. § 252. Under that Agreement, AT & T purchased certain services from Pacific Bell, which allowed AT & T to connect to Pacific Bell's telecommunications network, as opposed to building its own local network. The agreement provides for commercial arbitration of certain disputes.

AT & T alleges that Pacific Bell has been imposing "access charges"[1] for local calls carried over AT & T's network that originated and ended on Pacific Bell's facilities within the area which the agreement defines as "local" traffic. AT & T protested the access charges, arguing that the agreement precludes Pacific Bell from imposing them.

The parties agreed to arbitration as provided in the Interconnection Agreement, and selected the Honorable Walter P. Capaccioli as the arbitrator. The parties agreed to bifurcate the arbitration proceedings, whereby the arbitrator would first determine the issue of liability. Both parties apparently "agreed that the parties would submit only the issue of liability to Judge Capaccioli at the arbitration hearing, since the amount of damages would likely be readily ascertainable and the parties could likely agree thereon after a finding as to liability."

The arbitrator ruled on the liability issue, finding that plaintiff should not have been billed for the access charges. Specifically, the arbitrator ruled that,

> Pacific shall abide by the 'bill and keep' system for all local calls as the agreement requires. AT & T is not required to pay access charges for its use of switched access services to terminate its local calls. Pacific shall refund all of the improper access charges it has received since December 19, 1996. The amount of the refund is subject to proof by AT & T in further proceedings before this Arbitrator in the event the parties are unable to agree on the amount.

After that decision, the parties were unable to agree on damages. AT & T then requested to refer the damages issue to the arbitrator for resolution. The parties dispute whether Pacific Bell has declined to return to arbitration. But Pacific Bell has filed a complaint with the California Public Utilities Commission seeking pay-

---

1. The charges levied by local carriers on long distance providers for the privilege of connecting their long distance networks to local exchange network facilities.

ment of amounts withheld by AT & T. AT & T contends that Pacific Bell is attempting to seek resolution before the CPUC of the same issues that were or should be decided by the arbitrator.

AT & T seeks to have this court confirm the arbitration award on the liability issue, and seeks an order compelling Pacific Bell to submit the damages issue to the arbitrator. AT & T further seeks an order enjoining Pacific Bell from pursuing its complaint before the CPUC.

## II.

AT & T moves to confirm the arbitration award under the federal Arbitration Act, 9 U.S.C. § 9. And plaintiff's request to return the question of damages to the arbitrator also invokes Section 4 of that Act. Pacific Bell contends that this court has no jurisdiction to do either.

■ The United States Supreme Court has held that the Arbitration Act does not provide a separate basis for federal subject matter jurisdiction. Rather, the Court has held that there must be other independent grounds for federal subject matter jurisdiction in order to invoke the Arbitration Act. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Court stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.

■ The Ninth Circuit has also concluded that independent federal question jurisdiction must exist to confirm arbitration awards under Section 9 of the Arbitration Act. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969–70 (9th

Cir.1981), ("applicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of federal subject matter jurisdiction"). The burden of establishing federal subject matter jurisdiction is on the party asserting it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). AT & T has that burden here, and it claims jurisdiction under the Telecommunication Act.

The Telecommunications Act of 1996, which is codified in Title 47 of the United States Code, is a comprehensive rewriting of the Communications Act of 1934. The 1996 Act made several amendments, including those codified in Sections 251 and 252, which are relevant here.

AT & T's complaint alleges federal subject matter jurisdiction under 47 U.S.C. § 207. According to Section 207,

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter [2] may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207 (1998). However, Pacific Bell contends that Section 207 applies only if the dispute involves *interstate* communications. Pacific Bell therefore argues that Section 207 has no application to this case, since this dispute involves only local calls and not interstate communications. This contention appears to be correct. In its briefing on these motions AT & T seems to agree, by instead claiming jurisdiction under 47 · U.S.C. § 206 and other 1996 amendments to the Act. Therefore, it is

---

2. This court directed the parties' attention to the fact that the term "chapter" appears in the annotated edition of Sections 206 and 207, but that the official version in the United States Statutes used the term "Act." However, the parties agree that difference was a non-substantive editorial change, and that it does impact the result in this case.

necessary to determine whether there is a federal right of action under Sections 206, 251 or 252 in order to ascertain whether this court has jurisdiction.

According to Section 206,

In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing *in this chapter* prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing *in this chapter* required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter.

47 U.S.C. § 206 (1998) (emphasis added). But is this liability to be enforced in the federal courts, or before the Federal Communications Commission, the state utilities commissions, or the state courts?

AT & T argues that the phrase "in this chapter" refers to all of Chapter 5 of 47 U.S.C. AT & T therefore invokes other provisions of Chapter 5, namely Sections 251 and 252, for its assertion of federal subject matter jurisdiction. Section 251 imposes certain duties on local exchange carriers. *MCI Telecommunications Corp. v. The Southern New England Tel. Co.*, 27 F.Supp.2d 326 (D.Conn.1998). Section 252 outlines the procedures for negotiation, arbitration, and approval of interconnection agreements between the telecommunications carriers. *Id.* AT & T argues that the jurisdictional issue under Chapter 5 does not depend upon whether the arbitration proceeding involves local or interstate traffic; rather, jurisdiction depends on whether the alleged conduct is "any act, matter or thing" within Chapter 5.

However, even assuming that Section 206 does incorporate other provisions of Chapter 5 of the Telecommunications Act, the question still remains as to whether Section 206 itself confers a right of action in a federal court. Clearly, there is no express federal jurisdiction stated in Section 206. But is there an *implied* federal right of action conferring jurisdiction on this court?

■ The United States Supreme Court has developed a four part test to determine whether a private right of action should be implied. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).(1) Whether the plaintiff is one of the class for whose special benefit the statute was enacted; (2) whether any explicit or implicit indication of legislative intent exists to create or deny a remedy; (3) whether implication of a remedy would be consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law, making the inference of a cause of action solely under federal law inappropriate. *Id.*

Pacific Bell cites one case holding that Section 206 does not create a right of action. *See Frenkel v. Western Union Tel. Co.,* 327 F.Supp. 954 (D.Md.1971). The court in *Frenkel* concluded that:

Section 206 is subject to the same limitation as Section 207, that being the necessity of establishing the violation of another provision of the chapter. Therefore, Section 206 can not be relied on as the provision violated in invoking the jurisdiction of a federal court under Section 207.

*Id.* at 958. Neither AT & T nor the independent research of this court has disclosed any other case directly on point. And a reading of the Act further supports the conclusion that there is no independent right of action provided by Section 206 itself. However, it remains necessary to determine whether Sections 251 or 252 provide a basis for federal subject matter jurisdiction.

Pacific Bell argues that because AT & T did not assert jurisdiction under those specific statutes until AT & T's opposition to Pacific Bell's motion to dismiss, AT & T cannot now assert these sections as grounds for jurisdiction. Pacific Bell relies on Ninth Circuit authority in which the court stated, "In determining federal court jurisdiction, we look to the original, rather than to the amended complaint. Subject

matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1380 (9th Cir.1988). However, it is unclear from that opinion whether a plaintiff must explicitly state in its original complaint precisely which statutes it is relying upon to establish jurisdiction.

On the merits, Pacific Bell argues that Sections 251 and 252 do not create jurisdiction in a federal court. Section 251(b)(5) provides that a telecommunications carrier has "the duty to establish reciprocal compensation arrangements for the transport and termination of telecommunications." 47 U.S.C. § 251(b)(5) (1999). In addition, Section 252(a)(1) provides that "an incumbent local exchange carrier may negotiate and enter into a binding agreement with the requesting telecommunications carrier ..." 47 U.S.C. § 252(a)(1) (1999). From that language, AT & T asserts that Section 252 makes interconnection agreements binding, and in that way acts as the enforcement provision for Section 251. Defendant concedes that Section 251 creates an obligation on the part of Pacific Bell to *enter into* an interconnection agreement, but argues that once it did so it fulfilled its obligations under Sections 251 and 252. And Pacific Bell argues that any subsequent *dispute* arising out of an interconnection agreement is simply a breach of contract question that does not implicate the Telecommunications Act. That argument goes too far. A party entering into an interconnection agreement must abide by the *substantive* provisions of the Telecommunications Act. However, even that does not mean that the *remedy* lies in a federal court.

Pacific Bell argues that there is simply no private right of action created by the language of Sections 251 or 252. Similar to Section 206, there is no *express* relevant right of action in a federal court stated in Sections 251 and 252.

The 1996 Act does explicitly provide for federal court jurisdiction in at least three sections that are not involved here: (1) Section 274, entitled "Electronic Publishing by Bell Operating Companies." 47 U.S.C. § 274(e). (2) Section 252(3)(6) grants federal court jurisdiction for challenges to the decisions of state commissions. And (3) as noted above, Section 207 creates a federal court jurisdiction over *interstate* communication disputes.

Those sections would lead to the conclusion that because Chapter 5 does not expressly provide for a federal private right of action, while those other sections do, then Congress intended none. However, Section 255, "Access by Persons with Disabilities," explicitly *denies* a private right of action: "nothing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder." 47 U.S.C. § 255(f) (1999). That express denial of a private right of action could also lead to the conclusion that other provisions of the Act do create rights of action unless Congress has expressly denied them. In total, Chapter 5 does not paint a clear picture of Congressional intent regarding federal subject matter jurisdiction for private actions.

Turning to the legislative history of Section 251, there is a strong indication that Congress intended no private right of action. Congress considered but failed to include a private cause of action in the 1996 Act for violations of an interconnection agreement. Section 257 of the Senate Bill expressly provided for a private right of action. S.Rep. No. 104–23, 104th Cong., 1st Sess., at 104–05. However, that was not enacted in the final legislation. AT & T argues that Congressional silence does not necessarily indicate Congress' intent to *deny* a private right of action. And it argues that if it was not a subject of comment in the Report, any change between the Senate bill and the final Act was intended to be a "non-substantive clerical correction," a "conforming change" or a "minor drafting and clerical change." However, Congress' express grant of federal rights of action in Sections 207, 247

and 252(e)(6), while deleting a similar provision from the Senate bill, is at least some indication that Congress did not intend to create federal court jurisdiction for other causes of action.

The case authorities are also not dispositive. The Ninth Circuit has indicated that courts have been reluctant to find a private right of action under the Telecommunications Act. *See Maydak v. Bonded Credit Co., Inc.,* 96 F.3d 1332, 1333 (9th Cir.1996). The Ninth Circuit pointed out that, "the Supreme Court formulated a presumption against private actions under the Act, stating that the Federal Communications Act of 1934 'did not create new private rights' and that 'private litigants have standing only as representatives of the public interest.' " *Id.* (quoting *Scripps–Howard Radio, Inc. v. Federal Communications Comm'n,* 316 U.S. 4, 14, 62 S.Ct. 875, 86 L.Ed. 1229 (1942)).

Another judge of this court has indicated serious doubt that Section 251 creates subject matter jurisdiction. *Covad Communications Co. v. Pacific Bell,* (N.D.Cal. Nov. 18, 1998) (No.C 98–1887). In a footnote, the court said, "While the Court has serious doubts regarding the existence of a private right of action for Section 251 violations, this issue is not addressed at this time because Pacific's argument under the arbitration clause is dispositive of the current motion." *Id.* at 5, n. 5.

AT & T relies on a district court opinion from the District of Connecticut, which appears to indicate that there is a private right of action under Sections 251 and 252. *See MCI Telecommunications Corp.,* 27 F.Supp.2d 326, 333–34. That court stated, "Congress has not foreclosed private enforcement of Sections 251 and 252, either expressly in the 1996 Act itself, or impliedly, by creating a comprehensive enforcement scheme that is incompatible with private enforcement under Section 1983." However, the court in *MCI* made this statement in the context of a Section 1983 claim. And the court ultimately chose not to address the issue. Therefore, that court's comment does not have much precedent value.

### III.

As stated, Congress chose not to include an express federal court right of action breach for interconnection agreements in Sections 206, 251 and 252. Further, Congress has expressed that the purpose of Chapter 5 of the Telecommunications Act is to regulate interstate and foreign commerce and provide safe and efficient services, to be monitored by the Federal Communications Commission. *See* 47 U.S.C. § 151 (1999). That commission, along with state commissions such as the CPUC, are generally better able to address telecommunications issues.

■ Based upon the language of the Act, its legislative history, and the limited judicial precedent, this court concludes that the provisions of the Act that are relevant here do not create federal court subject matter jurisdiction. The court therefore grants defendant's motion to dismiss. And the court therefore does not address the parties' arguments about whether the arbitration award and the arbitration clause should otherwise be enforced under the Arbitration Act.

IT IS SO ORDERED.